# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ GILLUM, #B64415, Plaintiff, vs. ROB JEFFREYS, ANGELA CRAIN, FRANK LAWRENCE, LIEUTENANT SPILLER, LIEUTENANT GEE, C/O BLAND, C/O BRANDT, WEXFORD HEALTH SERVICES INC., and M. SIDDIQUI, Defendants. | Case No. 19-cv-01039-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cortez Gillum, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims of deliberate indifference to his serious medical needs, excessive force, unsafe prison conditions, an improper strip search, retaliation, and violations of his rights under the Americans with Disabilities Act "ADA") that allegedly occurred while he was incarcerated at Menard Correctional Center ("Menard"). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

The Complaint alleges the following: In February 2018, Plaintiff fell down a flight of stairs and injured his left shoulder. (Doc. 1, p. 11). For nine months, Dr. Siddiqui told him that x-rays showed nothing was wrong with his shoulder. (*Id.*, p. 12). Eventually, Plaintiff had an MRI which showed damage to his shoulder. (*Id.*). He was taken off-site to an orthopedic specialist for consultation; that doctor recommended surgery within six months. (*Id.*). The surgery should have been performed by June 2019, but it has not occurred. (*Id.*). Plaintiff has been unable to use his left arm since the fall. (*Id.*). Wexford Health Services, Inc. ("Wexford") has a practice of delaying and denying off-site consultations and surgeries based on its best interests instead of the best interests of the inmates. (*Id.*).

On June 16, 2019, Plaintiff was taken to the health care unit (HCU) for an assessment of his shoulder injury. (Dc. 1, p. 9). The doctor told him another consultation by an off-site physician was required before surgery would be approved by Wexford. (*Id.*). Plaintiff told the doctor that it had been 22 months since his shoulder was injured, and he had been in unbearable pain and unable to use his left arm. (*Id.*, p. 10). The doctor told him that was a personal problem and refused to give him a front cuff permit or change his pain medication. (*Id.*).

Later that day, Plaintiff was taken to an interview room to see Lieutenant Spiller and Lieutenant Gee from the Internal Affairs Division to discuss a threat against his life. (*Id.*). He was in danger because he had been identified as a jailhouse informant. (*Id.*). After the interview,

Lieutenant Spiller and Lieutenant Gee escorted Plaintiff to his cell in handcuffs in view of inmates in the North 2 cellhouse, who are all convicted murderers. (*Id.*). Lieutenant Spiller and Lieutenant Gee did not ask any of the inmates to move away as they walked him through the cellhouse. (*Id.*).

Lieutenant Spiller and Lieutenant Gee pulled Plaintiff from his cell again three or four days later. (*Id.*). They questioned him about whether he had faked a seizure. (*Id.*). He told them he had been epileptic for 30 years and had not faked a seizure. (*Id.*). They told him there was no record that he was epileptic, and he would be receiving a disciplinary report. They proceeded to again escort him to his cell through a group of unrestrained inmates. (*Id.*). Plaintiff told them that they were endangering his health and safety because other inmates were going to think he was an informant. (*Id.*). It is commonly known that when an inmate is walked to his cell in this manner that he is an informant. (*Id.*).

Plaintiff suffers from epilepsy which causes him to have seizures. (*Id.*). While at Menard, he was often housed in a cell alone for 30 to 40 days at a time with no way of alerting prison staff when he was having a seizure. (*Id.*, p. 11). He suffered multiple seizures while housed in segregation from October 2018 to May 31, 2019, due to inadequate medical care. (*Id.*, p. 16). He had a seizure in September 2018 during which he vomited all over the floor and walls and hit his head on the floor. (*Id.*, p. 11). A nurse checked on him but did not provide medical care. (*Id.*). He filed a grievance due to the slow response time of the medical staff and the inadequate medical treatment he received for the injuries he suffered during the seizure. (*Id.*). He also wrote letters to Warden Lawrence, IDOC Director Jeffreys, and Senator Tammy Duckworth complaining about inadequate medical care for his seizures and requesting an inquiry because Dr. Siddiqui does not have the proper training or credentials to treat epilepsy. (*Id.*). In response, Dr. Siddiqui and the nurse who failed to provide medical care after the September 2018 seizure informed the nursing

3

staff that Plaintiff did not have epilepsy to cover up their failure to provide adequate medical care. (*Id.*). Now the nursing staff is not taking his epilepsy condition seriously. (*Id.*).

On June 12, 2019, Plaintiff had a medical emergency and was going to be sent off-site for medical care. (*Id.*, p. 12). Correctional Officer ("C/O") Bland called two inmates to Plaintiff's cell and ordered the inmates to strip search Plaintiff. (*Id.*). While Plaintiff was nude and lying on his back on the floor, his penis was touched. (*Id.*). C/O Bland then ordered the inmates to lift and roll Plaintiff. (*Id.*). While rolling him, one of the inmates slid four fingers between Plaintiff's buttocks and pushed a finger into his anus. (*Id.*). Plaintiff later reported the sexual abuse to Warden Lawrence and made a report pursuant to the Prison Rape Elimination Act ("PREA") (*Id.*, p. 13).

Plaintiff was housed in the health care unit from May 31, 2019 to June 13, 2019. (*Id.*, p. 14). When he was being discharged by Dr. Siddiqui, they discussed the fact that the sinus medication he had been given for a sinus infection (that he had since February 2019) was not working. (*Id.*). Dr. Siddiqui told him there was no other medication he could provide and walked away. (*Id.*).

When preparing to leave the HCU, Plaintiff asked C/O Bland to get Sergeant Bebout for him. (*Id.*). C/O Brandt told Plaintiff there was no time for that and to turn around to get handcuffed. (*Id.*). Then C/O Brandt exhibited the handcuffs and his fist in a "menacing manner" causing Plaintiff to fear for his safety. (*Id.*, pp. 14, 15). Plaintiff stated that it is IDOC policy that if he has a problem with staff, he has a right to request that a supervisor be called to handle the issue. (*Id.*, p. 15). Sergeant Bebout was called and spoke with him. (*Id.*). While they were talking, Lieutenant Lee arrived and told Plaintiff he was going to segregation. (*Id.*, p. 16). Plaintiff asked why, and Lieutenant Lee told him to read the disciplinary report. (*Id.*). He was placed in a stripped cell in segregation for eleven days without any hygiene items, clothing, or a bedroll. (*Id.*).

After Plaintiff received the disciplinary report, he wrote a grievance and a letter to the

4

Warden advising him that C/O Brandt lied and provided misleading information in the disciplinary report. (*Id.*, pp. 16, 17). He did not receive a response. (*Id.*, p. 17). On July 24, 2019, C/O Brandt came to Plaintiff's cell to take him for a mental health interview. (*Id.*). C/O Brandt told him to drop the grievance or things would get very bad for him. (*Id.*). C/O Brandt told Plaintiff that he was lucky they were on camera or else he would show him he was not playing around, and this was his only warning. (*Id.*). C/O Brandt handcuffed Plaintiff, then twisted and pulled on the handcuffs in order to intentionally cause Plaintiff pain. (*Id.*).

Plaintiff also alleges the following in a Memorandum of Law attached to his Complaint: Following his incarceration at Menard, in June 2014, Plaintiff wrote to Warden Kimberly Butler advising her that he suffered from epilepsy, a convulsive seizure disorder, and explaining that Menard is not designed to house epileptic inmates. (Doc. 1-1, p. 2). He further advised her that he qualified for a medical transfer pursuant to the ADA because his epilepsy was a qualified disability. (*Id.*, p. 3). Butler did not respond. (*Id.*). Plaintiff sent Butler another letter two weeks later but "this problem still hasn't been dealt with." (*Id.*)

## **Preliminary Dismissals**

Plaintiff makes allegations against Kimberly Butler, but she is not identified as a defendant in the case caption. The Court will not treat an individual not listed in the caption as a defendant and, therefore, any claim against Butler is dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

The Complaint includes allegations that are not associated with any defendant. Plaintiff alleges some doctor denied him a front cuff permit and refused to change his pain medication. He alleges some nurse failed to provide him medical care after a seizure and later she participated in

retaliatory conduct. He also alleges he spent eleven days in segregation in a stripped cell without any hygiene items, clothing, or a bedroll. To the extent Plaintiff seeks to raise claims based on these allegations, they are dismissed without prejudice for failure to state a claim.

Plaintiff names Jeffreys, Crain, and Lawrence in his deliberate indifference claim for failure to provide adequate medical care for his shoulder injury. He does not make any allegations against these defendants individually. Instead, he alleges only that the defendants are liable for "failure to act in response to repeated complaints." Under Federal Rule of Civil Procedure 8 pleading standards, the Complaint must include a short, plain statement of the case against each individual. An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead "enough facts to state a claim that is plausible on its face"); *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009) (threadbare, conclusory allegations are insufficient to state a claim). Because Plaintiff fails to allege specific acts of wrongdoing by each individual, he fails to plead the personal involvement requirement necessary for Section 1983 liability. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Accordingly, Crain and Lawrence will be dismissed without prejudice. Jeffreys will be dismissed in his individual capacity but, to the extent Plaintiff is seeking injunctive relief, Jeffreys will remain in the case in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

As mentioned above, Plaintiff references the Prison Rape Elimination Act ("PREA") in his Complaint. To the extent he is attempting to bring a PREA claim, it is dismissed, because PREA does not support a private cause of action. *Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim).

## Claims

Based on the allegations in the Complaint, the Court divides this action into the following counts:

**Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical need against Siddiqui and Wexford for delaying and denying medical treatment for Plaintiff's shoulder injury.

**Count 2:** Eighth Amendment claim for deliberate indifference to a serious medical need against Siddiqui for denying Plaintiff further medical treatment for a sinus infection after previously prescribed medication had been ineffective.

**Count 3:** Eighth Amendment claim against Spiller and Gee for leading other inmates to believe Plaintiff was an informant which exposed him to a risk of physical harm and caused him to suffer psychological harm.

**Count 4:** Eighth Amendment claim against Bland for the strip search on June 12, 2019.

**Count 5:** Eighth Amendment claim against Brandt for threatening Plaintiff with bodily harm on June 13, 2019.

**Count 6:** First and/or Fourteenth Amendment claim against Brandt for providing false and misleading information in a disciplinary report.

**Count 7:** Eighth Amendment claim against Brandt for threatening Plaintiff and using handcuffs to cause pain on July 24, 2019.

**Count 8:** Eighth Amendment claim for deliberate indifference to a serious medical need against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui for failing to provide adequate medical care for Plaintiff's seizure disorder.

**Count 9:** Eighth Amendment claim for unconstitutional conditions of confinement against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui for allowing Plaintiff to be placed in a cell without a cellmate or duress alarm despite his seizure disorder.

**Count 10:** ADA claim against Jeffreys Crain, Lawrence, Wexford, and Siddiqui for failure to provide reasonable accommodation for Plaintiff's disabilities.

**Count 11:** First Amendment claim for retaliation against Siddiqui.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

### Severance

Plaintiff brings at least five distinct sets of claims against different defendants. First, a claim against Siddiqui and Wexford for deliberate indifference related to the delay and denial of medical treatment for a shoulder injury (Count 1). Second, a claim against Spiller and Gee for allegedly endangering Plaintiff's life by making it appear that he was an informant (Count 3). Third, a claim against Bland related to the strip search on June 12, 2019 (Count 4). Fourth, claims against Brandt for the incidents on June 13 and July 24, 2019, and the related disciplinary proceedings (Counts 5, 6, and 7). And, finally, claims against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui related to allegations of inadequate treatment of Plaintiff's seizure disorder, unsafe conditions of confinement based on his seizure disorder, and violation of the ADA, along with a related retaliation claim (Counts 8, 9, 10, and 11). These groups of claims involve different defendants, separate transactions or occurrences, no common questions of fact, and distinct legal theories.

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. *See* Fed.

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

R. Civ. P. 20; *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever the claims arising from each separate incident into four additional suits:

**Severed Case No. 1:**

Count 3: Eighth Amendment claim against Spiller and Gee for leading other inmates to believe Plaintiff was an informant which exposed him to a risk of physical harm and caused him to suffer psychological harm.

**Severed Case No. 2:**

Count 4: Eighth Amendment claim against Bland for the strip search on June 12, 2019.

**Severed Case No. 3:**

Count 5: Eighth Amendment claim against Brandt for threatening Plaintiff with bodily harm on June 13, 2019.

Count 6: First and/or Fourteenth Amendment claim against Brandt for providing false and misleading information in a disciplinary report.

Count 7: Eighth Amendment claim against Brandt for threatening Plaintiff and using handcuffs to cause pain on July 24, 2019.

**Severed Case No. 4:**

Count 8: Eighth Amendment claim for deliberate indifference to a serious medical need against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui for failing to provide adequate medical care for Plaintiff's seizure disorder.

Count 9: Eighth Amendment claim for unconstitutional conditions of confinement against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui for allowing Plaintiff to be placed in a cell without a cellmate or duress alarm despite his seizure disorder.

Count 10: ADA claim against Jeffreys Crain, Lawrence, Wexford, and Siddiqui for failure to provide reasonable accommodation for Plaintiff's disabilities.

Count 11: First Amendment claim for retaliation against Siddiqui.

The Clerk of Court will be directed to open Severed Case Nos. 1, 2, 3, and 4. The claim in Count 1, which includes a request for preliminary injunctive relief, will remain in this action. The claim in Count 2 also will remain in this action.

## Section 1915A Review of Counts 1 and 2

*Count 1*

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). When a private corporation has contracted to provide essential government services, such as healthcare for inmates, the corporation can be held liable under Section 1983 if the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v.*

*Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff's allegations are sufficient for the claim in Count 1 to proceed against Dr. Siddiqui and Wexford for delay and denial of medical treatment for his shoulder injury.

*Count 2*

Plaintiff's allegations are sufficient for the claim in Count 2 to proceed against Dr. Siddiqui for denying him further medical treatment for a sinus infection after previously prescribed medication had been ineffective.

### **Request for Preliminary Injunctive Relief**

In his Complaint, Plaintiff seeks a preliminary injunction (Doc. 1, p. 18) and he filed a motion for preliminary injunction and temporary restraining order ("TRO") (Doc. 2). Specifically, Plaintiff seeks an order for (1) adequate medical treatment, including surgery, for a shoulder injury, (2) housing in a cell with a cellmate and/or with a duress alarm, and (3) transfer to Graham Correctional Center or Dixon Correctional Center which he alleges are better suited to treat epileptic prisoners. Plaintiff's request for preliminary injunctive relief was scheduled for hearing by separate order and Defendants were ordered to file a response prior to the hearing. (Docs. 6, 8). In a response filed by Defendant Jeffreys and a motion filed by Defendant Wexford, they argue the request should be denied as moot because the allegations pertain to medical care and housing issues at Menard and Plaintiff is now incarcerated at Pontiac. (Docs. 14, 17).

The Court agrees that the preliminary injunctive relief sought by Plaintiff cannot be granted based on the current Complaint and the circumstances of Plaintiff's present incarceration. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir.2004); *see also Maddox v. Love,* 655 F.3d 709, 716 (7th

Cir.2011). Accordingly, the request for preliminary injunctive relief is denied as moot.

## Disposition

**IT IS HEREBY ORDERED** that Count 3 is **SEVERED** into a new case against Spiller and Gee.

**IT IS ORDERED** that Count 4 is **SEVERED** into a new case against Bland.

**IT IS ORDERED** that Counts 5, 6, and 7 are **SEVERED** into a new case against Brandt.

**IT IS ORDERED** that Counts 8, 9, and 10 are **SEVERED** into a new case against Jeffreys, Crain, Lawrence, Wexford, and Siddiqui.

The Clerk of Court is **DIRECTED** to file the following documents into each newly-severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed *in forma pauperis* (Doc. 3); and

3) This Memorandum and Order.

**IT IS ORDERED** that the claims remaining in this action are Counts 1 and 2. Count 1 will proceed against Siddiqui and Wexford and Count 2 will proceed against Siddiqui. The claim in Count 1 against Crain, Lawrence, and Jeffreys (individual capacity) is **DISMISSED** without prejudice. To the extent Plaintiff is seeking injunctive relief as to the claim in Count 1, Jeffreys will remain as a defendant in his official capacity. The Clerk of Court is **DIRECTED** to **TERMINATE** Crain, Lawrence, Spiller, Gee, Bland, and Brandt as parties in this action.

**IT IS ORDERED** that the Clerk of Court shall prepare for M. Siddiqui, Wexford Health Services, Inc., and Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and

Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that the request for a preliminary injunction in the Complaint (Doc. 1, p. 18) is **DENIED** as moot and the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 2) is **DENIED** as moot. The hearing on the request for preliminary injunctive relief is, therefore, cancelled. Defendant Wexford Health Sources, Inc.'s motion to continue (Doc. 17) the hearing is **DENIED** as moot.

**IT IS ORDERED** that Defendants shall timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 8, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**