UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ GILLUM,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>**ROB JEFFREYS,** )<br>**MOHAMMED SIDDIQUI,** )<br>and **WEXFORD HEALTH SOURCES,** )<br>**INC.,** )<br>)<br>**Defendants.** ) | Cause No.   3:19-CV-1039-GCS |

## ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Gillum's motion strike testimony on the ground of perjury. (Doc. 65). Specifically, Gillum moves to strike the testimony given by Menard Grievance Officer Kelly Pierce during the July 28, 2020 evidentiary hearing. Defendants oppose the motion. (Doc. 66). Based on the following, the Court **DENIES** the motion.

The Illinois Administrative Code provides that grievances that are unable to be resolved through routine channels are then sent to the grievance officer. In particular, the Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief

Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(e).

Here, Gillum moves the Court to strike Pierce's testimony arguing that she committed perjury because he asked Pierce whether the Grievance Officer has 60 days to respond to an offender's grievance and Pierce responded, "no." Gillum argues that this response was perjury and was only given to gain a favorable decision for the Defendants. Defendants object contending that she clarified her answer because she did not have a copy of DR504 or specifically, Ill. Admin. Code § 504.830(e), in front of her at the hearing and that she relied on her memory. Based on the Court's recollection of the testimony and the context of the testimony, the Court finds that Pierce did not commit perjury. Obviously, the language of the Section 504.830(e), "when reasonable feasible under the circumstances," allows for some leeway in the time a grievance officer must issue his findings in writing to the Chief Administrative Officer. The Court did not find Pierce's answer to be untruthful or given to garner a favorable ruling with the Court.

Accordingly, the Court **DENIES** Gillum's motion to strike testimony on the ground of perjury. (Doc. 65).

Digitally signed by Judge Sison
Date: 2020.08.05 08:59:21 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**